Wang v. Barr

BIA
Christensen, IJ
A202 039 152

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

ZHI WANG,
> *Petitioner,*

v.                                                    18-800
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Louis H. Klein, The Kasen Law
                         Firm, PLLC, Flushing, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Mary Jane Candaux,
                         Assistant Director; Edward E.

Wiggers, Senior Litigation
Counsel, Office of Immigration
Litigation, United States
Department of Justice, Washington,
DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Wang, a native and citizen of the People's Republic of China, seeks review of a February 27, 2018, decision of the BIA affirming a June 1, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Wang,* No. A 202 039 152 (B.I.A. Feb. 27, 2018), *aff'g* No. A 202 039 152 (Immig. Ct. N.Y. City June 1, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *See Y.C. v. Holder*, 741 F.3d

2

325, 332 (2d Cir. 2013). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Asylum and Withholding of Removal

As relevant to this appeal, to qualify for asylum and withholding of removal, an "applicant must establish that . . . political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also Matter of C-T-L*, 25 I. & N. Dec. 341, 346 (BIA 2010) (holding that the "one central reason" standard also applies to withholding of removal). Asylum or withholding "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). The agency's determination of whether an applicant has shown a nexus between his alleged mistreatment and a protected ground is reviewed for substantial evidence. *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006).

3

Substantial evidence supports the agency's determination that the harm Wang suffered was not on account of a protected ground. Much of Wang's testimony supports the IJ's conclusion that the government officials' actions were motivated by their desire to secure the government buildings. The agency could reasonably conclude that the security guards were motivated to beat Wang and his neighbors because they charged the guards and entered a property without permission.

As to the second incident, after Wang accused officials of embezzling government money and was detained for approximately 12 hours, the police told him not to go back to the demolition relocation department to petition again. After the third incident, Wang was accused of interfering with the conduct of official business. As the IJ's decision acknowledged, *see* Certified Administrative Record 48, retaliation against a person for petitioning the government for redress can constitute persecution on the basis of political opinion. Under the circumstances of this case, however, the IJ was not required to draw the inference that the officials desired to punish Wang because he petitioned the government. *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Decisions as to which of competing inferences to

4

draw are entirely within the province of the trier of fact."
(internal alterations and quotation marks omitted).
Moreover, although Wang accused certain officials of
corruption, there is no indication that his accusations were
"directed toward a governing institution," as opposed to
"isolated, aberrational acts of greed or malfeasance."
*Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir. 2006)
(internal quotation marks omitted).

Accordingly, the IJ reasonably concluded that Wang did
not show that the officials were motivated by his political
opinion or their perception of his opinion, as opposed to
their own security concerns. Moreover, although "prosecution
that is pretext for political persecution is not on account
of law enforcement," *Jin Jin Long v. Holder*, 620 F.3d 162,
166 (2d Cir. 2010), the IJ's conclusion that the government's
actions were a legitimate law enforcement response is
reasonable, particularly given the brevity of Wang's
detention.

Substantial evidence supports the agency's determination
that Wang failed to establish a nexus between the harm he
suffered and his political opinion. Because Wang failed to

5

demonstrate the required nexus, the agency did not err in denying asylum and withholding of removal.

CAT

To be eligible for CAT relief, an applicant must show "that it is more likely than not" that he will be tortured in his country of removal. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Substantial evidence supports the agency's denial of CAT relief. The agency reasonably determined that the past harm that Wang suffered did not qualify as torture. Wang testified that his hand was injured during the first incident when the guards attempted to prevent him and his neighbors from entering the building. After the third incident, he was harassed and was required to report weekly to the police for "self-criticism and re-education." Certified Administrative Record 72. Although undoubtedly unpleasant, and perhaps unjustified, this harm does not rise to the level of torture. Additionally, Wang did not testify that authorities are still

looking for him in China.  Accordingly, the agency did not err in determining that Wang failed to demonstrate that it was more likely than not that he would be tortured if he returned to China.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court